**UNITED STATES of America**

v.

**Alan B. HERSHON, Lynnwood P. Rumley.**

**Crim. No. 85–317 Mc.**

United States District Court, D. Massachusetts.

Jan. 3, 1986.

Thomas Dwyer, Boston, Mass., for Alan B. Hershon.

James F. Connors, Fitchburg, Mass., for Lynnwood P. Rumley.

Daniel Small, U.S. Atty., for U.S.

## MEMORANDUM AND ORDERS

McNAUGHT, District Judge.

This case came on to be heard on motions filed by the defendants. Lynnwood P. Rumley, in a document bearing docket number 44, moved for the suppression of "all statements ... before the Grand Jury". Defendant Alan Hershon moved (Document 29) "to sever defendants and counts", and in Document 31 "to compel election of counts".

 The Rumley motion to suppress (#44) is denied. Movant argued that when he appeared before the Grand Jury he said that he was unemployed; "that counsel should have been made available to him at that time, since through his unemployment he was unable to procure any counsel to represent him at the Grand Jury hearing." He continues on that "the government failed at any time to inform Mr. Rumley that if he was unable to afford his own counsel, the government would provide him with counsel". The short answer, of course, is that Rumley had no constitutional right to appointment of counsel while he was before the grand jury. As Chief Justice Burger wrote in *United States v. Mandujano*, 425 U.S. 564, 581, 96 S.Ct. 1768, 1778, 48 L.Ed.2d 212 (1976): "... No criminal proceedings had been instituted against respondent, hence the Sixth Amendment right to counsel had not come into play. *Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). A witness 'before a grand jury cannot insist, as a matter of constitutional right, on being represented by his counsel....' *In re Groban, supra*, [352 U.S. 350] at 333 [77 S.Ct. 510 at 513, 1 L.Ed.2d 376 at 380 (1957)]. ..." Incidentally, it appears also that when Mr. Rumley was served with a subpoena to appear before the grand jury on January 4, 1985, he received an "advice of rights" page along with it and that when he appeared on subsequent occasions he

was advised of his "rights". Under the circumstances the truth or falsity of the claim of indigency need not be passed upon or considered.

Defendant Alan Hershon's motion (Document 29) to sever defendants and counts is likewise denied. As for the request to have the defendants tried separately, despite defense counsel's excellent argument, there is more here than simply similarity in nature of the offenses alleged to have been committed by the two defendants. There is alleged commonality in the source of large sums of money received by defendants, common employment of defendants, alleged "overlapping" false versions of the reason for payments being made (which in itself will be offered as evidence of the falsity of each version). It appears that much of the evidence to be offered against one defendant will be offered against the other. The defendants here are properly joined. F.R.Crim.P. 8. Defendant Hershon has not demonstrated such prejudice that severance calls for. The occurrences here bear a strong logical relationship to one another, and will require much evidentiary overlap. Similarly, there appears to be no reason to sever the counts. They too are logically related to one another, and there will be overlapping of evidence.

The motion of Alan Hershon to require the government to elect between counts 5 and 6 is denied. It does not appear to me that the counts are multiplicitous. A difference in proof between the two is certainly imaginable. If, in fact, on the evidence, it eventuates that there is but a single act involved, the defendant then will not be without remedy or protection.